IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVIS HUSS,

                Plaintiff,                    OPINION and ORDER

  v.

NVIDIA CORPORATION,                          23-cv-262-wmc[1]

               Defendant.

---

      Pro se plaintiff Travis Huss contends that defendant NVIDIA Corporation falsely advertised that it could sell him a new gaming laptop and then sent him a refurbished used laptop. In this lawsuit Huss brings claims under the Federal Trade Commission Act, the Lanham Act, and state law. Huss is proceeding in forma pauperis, so I must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Huss's complaint without prejudice because he does not state a federal claim for relief and his allegations do not show that this court has subject matter jurisdiction over his state-law claims. I will give Huss a chance to file an amended complaint that addresses the problems I identify in this order.

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

ANALYSIS

Huss alleges that NVIDIA advertised on its website that it had a brand-new gaming laptop available for purchase from a separate website. But Huss says that the gaming laptop was not actually available on that other website as NVIDIA advertised. Huss tried to place an order for that laptop on April 21, but he was unsuccessful, so he reached out to NVIDIA's customer service. Huss experienced confusion because of that interaction, and he contends that he wrongly incurred the cost of the refurbished laptop that was delivered to him instead of the new laptop.

Huss contends that NVIDIA violated his rights under the Federal Trade Commission Act and the Lanham Act because it engaged in fraud and falsely advertised to him that the third party would sell him a new gaming laptop. He also contends that NVIDIA committed fraud, which I take to be a reference to a state-law fraud claim.

Huss does not state a claim under federal law. The Federal Trade Commission Act prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). But the Federal Trade Commission Act does not create a private cause of action; it is enforced by the Federal Trade Commission. Therefore, Huss cannot sue for damages to enforce the Federal Trade Commission Act. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474 (7th Cir. 2020).

The Lanham Act governs trademarks, service marks, and unfair competition. 15 U.S.C. § 1125(a). It is intended to protect individuals and businesses from the unfair practices of competing businesses. To have standing to bring a false advertising claim under the Lanham Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 121-32 (2014). Here, Huss contends

2

that he was injured because of misleading information, but he was injured as a consumer, not a business competitor, and "[a] consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." *Id.* So, Huss cannot proceed under the Lanham Act either.

Huss contends that NVIDIA also committed fraud, which suggests that he intends to pursue a claim under Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18, and common law rules against fraudulent representations. Because Huss does not state any claims under federal law, this court can exercise jurisdiction over his state-law claims only if there is diversity jurisdiction, which has two requirements: (1) the plaintiff and defendant must be citizens of different states; and (2) there must be more than $75,000 in controversy.

Huss may be able to satisfy the first requirement because he alleges that he is a citizen of Wisconsin and NVIDIA is a corporation with its principal place of business in California, *see* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of every state in which it has been incorporated and where it has its principal place of business). Still, Huss cannot show based on his complaint that there is more than $75,000 in controversy in this case. At the pleading stage, a plaintiff seeking to invoke diversity jurisdiction need only demonstrate a "good faith, minimally reasonable belief" that the claim is for more than $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). Dismissal is appropriate only if on the face of the pleadings it is apparent to a legal certainty that the claim is for an amount less than the jurisdictional amount. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).

Huss asserts that NVIDIA's fraud caused him to suffer damages in the amount of $1,000,000. Although Huss does not allege the cost of the used, refurbished laptop he purchased, he includes a screenshot of the laptop he says he received from the third-party

website, which lists the cost of the laptop at $537.05. Dkt. 1 at 3-4. Although Huss also alleges that the cost of the new computer he wanted to purchase was over $20,000, the purchase price of the computer advertised by NVIDIA shown in his complaint is £430.20, which in dollars is $535.69. *Id.* Huss also says that he suffered damages in the form of time and confusion, but Huss does not quantify those damages. Based on those allegations, even if I were to accept Huss's assertion that the new laptop he should have received could have a fair market value of $20,000, the amount in controversy in this case does not exceed $21,000. So, the court cannot exercise jurisdiction over this case under § 1332.

Before dismissing this case, I will give Huss the opportunity to amend his complaint to include additional details about the amount in controversy. If Huss's amended complaint provides sufficient detail for the court to establish that the amount in controversy exceeds the $75,000 threshold, I will screen the merits of Huss's state-law claims. If not, I will dismiss Huss's state-law claims for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that:

1. Plaintiff Travis Huss's complaint is DISMISSED without prejudice.

2. Plaintiff has until **June 12, 2023**, to file an amended complaint that establishes this court's subject matter jurisdiction over his state-law claims.

3. If plaintiff fails to file an amended complaint by June 12, the court will dismiss Huss's state-law claims without prejudice for lack of subject matter jurisdiction.

Entered May 22, 2023.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge